**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**JESSICA S. ALLEN**<br>UNITED STATES MAGISTRATE JUDGE | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973-645-2580) |

**LETTER ORDER**

May 30, 2025

**To:** *Pro Se Plaintiff by Regular U.S. Mail*

**Re:** **McDaniel v. United States Postal Service, et al.**
      **Civil Action No. 24-10537 (MCA) (JSA)**

Dear Litigants:

      Before the Court are two applications filed by *pro se* Plaintiff William McDaniel III: (1) a letter labeled "motion for leave to amend and extension of time" (ECF No. 9) ("Motion to Amend"), and (2) a motion to transfer the case, pursuant to 28 U.S.C. § 1404(a), "from federal court to the EEOC." (ECF No. 10) ("Motion to Transfer"). As this Court's review of the official docket confirms, Defendants have not yet been served, and thus, no opposition has been filed.

      As it relates to Plaintiff's Motion to Amend, the filing is comprised of a letter that does not indicate any proposed amendments to the Complaint or include a proposed amended pleading. Local Civil Rule 15.1(a) provides, in relevant part, that a party seeking leave to amend must attach to the motion "a copy of the proposed amended pleading" and "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(1)-(2). The purpose of Rule 15.1 "is to give the Court . . . a chance to evaluate the sufficiency of the proposed pleading." *Leoncini v. Feinstein*, 2019 U.S. Dist. LEXIS 44342, at *6 (D.N.J. Mar. 18, 2019). The failure to supply a proposed pleading is a sufficient basis, standing alone, to deny leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000). Moreover, even if the Court were inclined to consider Plaintiff's Motion to Amend as his one-time attempt to amend his Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1), a proposed pleading would still be necessary because Plaintiff is proceeding *in forma pauperis* and any amended complaint would have to be screened by the Court before filing. *See, e.g.*, *Jones v. Owens*, 2018 WL 4583516, at *1 (D.N.J. Sept. 25, 2018). Accordingly, based on Plaintiff's failure to articulate the nature of his proposed amendment, and his failure to provide a proposed pleading, Plaintiff's Motion to Amend is **DENIED WITHOUT PREJUDICE**.

      As it relates to Plaintiff's Motion to Transfer, Plaintiff apparently seeks to have this civil action transferred, pursuant to 28 U.S.C. § 1404(a), to the EEOC to "complete its investigation," "develop a factual record," and "issue findings . . . ." (ECF No. 10 at 1). Section 1404(a) provides, in relevant part, that "[f]or the convenience of the parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* However, Section 1404(a) only allows this Court to transfer a civil action to another United States District Court not to an administrative agency. *See Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964). Thus, this Court cannot grant Plaintiff's request to transfer his case to the EEOC. *See id.*; *see also Ansell Healthcare Prod. LLC v. GlycoBioSciences, Inc.*, 2018 WL 1178043, at *2 (D.N.J. Jan. 26, 2018) ("Section 1404(a) only authorizes the transfer of a civil action to another district or division of a United States District Court"); *Slivicki v. McDonough*, 2021 WL 5413970, at *2 n.3 (D. ND. Oct. 26, 2021) (denying *pro se* plaintiff's request to transfer civil action, pursuant to Section 1404(a), to the EEOC). Accordingly, Plaintiff's Motion to Transfer is **DENIED**. While a transfer the EEOC pursuant to Section 1404(a) is not available, to the extent Plaintiff seeks to pursue this matter before the EEOC, he may wish to consider filing a voluntary dismissal of this civil action, pursuant to Federal Rule of Civil Procedure 41.

   The Clerk of the Court is requested to terminate ECF No. 10 and send a copy of this Letter Order to Plaintiff by regular U.S. mail.

   **SO ORDERED**.

               <u>s/Jessica S. Allen</u>
               **Hon. Jessica S. Allen**
               **United States Magistrate Judge**

cc:  Hon. Madeline C. Arleo, U.S.D.J.